IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | CRIMINAL INFORMATION |
| | : | NO. 1:14-CR-272-WSD |
| RAMIRO ANTUNEZ-PINEDA | : | |

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | CRIMINAL INFORMATION |
| | : | NO. 1:14-CR-297-WSD |
| WILLIAM MCDONAL-ALEJO | : | |

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | NO. 1:13-CR-382-WSD |
| DAVID ROMERO-NIETO | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

NOW COMES the United States of America, by and through Sally Quillian Yates, United States Attorney, and Sandra E. Strippoli, Assistant United States Attorney, and hereby files this Sentencing Memorandum, and respectfully show as follows:

## DAVID ROMERO-NIETO

Romero-Nieto has objected to the firearm enhancement, notwithstanding that he used the location where the gun and ammunition were seized as a stash house, and that GPS data places him there. This objection should be overruled. The defendant need not have actual possession of the firearm at the moment of seizure for this enhancement to apply.

The government does not support the application of maintaining a premises enhancement, as it recently was initially recommended in a similar situation in a related case, and was removed from the final PSR in that case. This Defendant should be treated the same way. The defense has today withdrawn the objection to the two-level upward enhancement for his role in the offense, which was agreed to in the plea agreement, and understands that, as an upward role adjustment applies, safety valve cannot.

Thus, the government believes that the guideline calculations in the final presentence report should be changed to a BOF level of 38, plus 2 levels for the firearm, plus 2 levels for role in the offense, and minus three levels for acceptance of responsibility. This results in a total offense level of 39, which with criminal history category I results in a guidelines range of 262 – 327 months. Romero-Nieto entered his plea very early, did not

litigate any potential suppression issues, and saved the government and the Court resources. The government is recommending a one-level downward variance on that basis. Taking into account early plea and the 18 U.S.C. § 3553(a) factors, the government recommends a sentence of 210 months.

## WILLIAM McDONAL

McDonal has objected to the inclusion of drugs seized from 3001 Northeast Expressway, Apt. #2303; however, the 17 kilograms of 94% pure methamphetamine seized pursuant to a search warrant at the location (Dawson Blvd.) he was using on the date of his arrest on its own results in a base offense level of 38, and the Defendant has not objected to being held accountable for those drugs. Based on a conversation with defense counsel on January 31 and the absence of argument regarding drug quantity, the government understands that this objection has been withdrawn. Regarding the maintaining premises enhancement, the government does not support it for the reasons set forth above related to Romero-Nieto.

McDonal has objected to the firearm enhancement, notwithstanding that he used the location where the gun and ammunition were seized as a stash house, had the key to open the door, and that GPS data places him there. This objection should be overruled. Also, based on the same December 31 conversation with defense counsel, the government understands that the

argument that McDonal was promised that his statements and assistance on the date of arrest would not be used against him has been withdrawn. As for safety valve, McDonal is ineligible due to the firearm, and in addition, he has not done an interview in which he truthfully provided all information required under USSG § 5C1.2(a)(5). While he did give a post-arrest statement in which he made some admissions, the circumstances of the arrest of four individuals and conducting numerous searches prevented the interview to be one that covered "all information that the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. Finally, the Defendant's extensive involvement over a period of at least a month, and his only being held accountable for drugs he was involved with, make him ineligible for a minor role reduction.

Thus, the government believes that the guideline calculations in the final presentence report for McDonal should be changed to a BOF level of 38, plus 2 levels for the firearm, and minus three levels for acceptance of responsibility. This results in a total offense level of 37, which with criminal history category I has a guidelines range of 210 – 262 months. Taking into account the 18 U.S.C. § 3553(a) factors, including the level of involvement in the offense, the government recommends a sentence of 168 months.

# RAMIRO ANTUNEZ-PINEDA

The government does not agree that Antunez has met his burden of establishing that he is entitled to a downward role reduction. He is only being held accountable for the methamphetamine he carried out of the apartment, placed in the car and was driving to an unknown location or person.

Accordingly, the government believes that the calculations of a BOF of 36 less 3 points for acceptance in the final PSR are correct. With his criminal history category on I, the results in a guidelines range of 135-168 months. Considering all of the information available about the Defendant and the level of his involvement in this conspiracy, the government after application of the § 3553(a) factors believes that a sentence of 100 months is a reasonable one for Antunez.

Further, the government believes that the recommended sentences herein result in sentences among the three defendants that are appropriate and reasonable relative to each other.[1]

Respectfully submitted, this 2nd day of January, 2015.

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF GEORGIA


/s/ SANDRA E. STRIPPOLI
Assistant U.S. Attorney
GA. Bar No. 688565
Suite 600, 75 Spring Street, S.W.
Atlanta, Georgia 30303
(404) 581-6304
(404) 581-6171 (fax)

---

[1] The government recognizes that there are objections pending that could result in guideline ranges lower that the sentences recommended by the government herein. If such were to occur, the government will honor any low-end of the range and 1-level variance for an expeditious guilty plea provisions in the plea agreements, even though they would result in a sentence that is less than what the government believes is reasonable. Any other variances being sought to arrive at the recommended sentences herein would not be sought if the guideline ranges as calculated by the court after ruling on objections are lower than the sentences recommended herein.

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

This 2nd day of January, 2015.

/s/SANDRA E. STRIPPOLI
ASSISTANT UNITED STATES ATTORNEY
Sandra.Strippoli@usdoj.gov