**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

**-vs-** **Case No. 1:13-cr-382-WSD-1**

**DAVID ROMERO-NIETO**

**Defendant's Attorney**
**Cathy Alterman**

---

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant pleaded guilty to Count 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 21USC§ 846, §841(a)(1), and §841(b)(1)(A)(viii) | Conspiracy to Possess with Intent to Distribute Methamphetamine | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's ICE No. A079058499
Defendant's Date of Birth: 1985
Defendant's Mailing Address:
Atlanta, Georgia

Date of Imposition of Sentence: January 7, 2015

Signed this the 7th day of January, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWO HUNDRED EIGHTEEN (218) MONTHS**.

The Defendant was detained beginning on May 14, 2013, by State of Georgia authorities on the charges which are the basis of Defendant's conviction. Defendant is entitled to credit for his pretrial detention by state and federal authorities and Defendant's custodial sentence, as imposed in this action, shall be deemed to have begun on May 14, 2013.

The Court recommends the defendant be incarcerated in or near Atlanta, Georgia.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

Defendant delivered on ____________________ to ____________________________

at ____________________________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By: ______________________________
Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS.**

Upon completion of the term of imprisonment, and release from the custody of the Bureau of Prisons, the defendant is remanded to Immigration Customs Enforcement for appropriate removal proceedings from the United States pursuant to 18 U.S.C. § 3583(d) and in accordance with the Immigration and Nationality Act. The defendant shall not reenter the United States unless he applies for and receives permission from the Secretary of Homeland Security or the Attorney General to legally enter the United States.

If not immediately deported, the defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. If deported, the defendant shall notify, in writing and within ten (10) calendar days, the United States Probation Office in the Northern District of Georgia of his current address in the country to which he is deported and any later change in residence address. Failure to do so will constitute a violation of his supervised release.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

## SPECIAL CONDITIONS

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

Pursuant to 42 U.S.C. § 14135a(d)(1) and 10 U.S.C. § 1565(d), which require mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device as those terms are defined in 18 U.S.C. § 921.

The defendant shall submit to a search of his person, property (real, personal, or rental), residence, office, and or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of probation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

**STANDARD CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**FINE**

The Court waives the fine and cost of incarceration.